JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 15-8274-JFW (JPRx)** | Date:  December 15, 2015 |

Title:     Judy Amper -v- Ashley Furniture Industries, Inc., et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**     **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                                                  None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [filed 11/16/2015; Docket No. 31];**

**ORDER DENYING AS MOOT DEFENDANT JAG DASWATTA'S MOTION TO DISMISS THE THIRD CLAIM FOR RELIEF ASSERTED IN PLAINTIFF'S COMPLAINT ASSERTED AGAINST DASWATTA [filed 10/29/2015; Docket No. 16]**

On October 29, 2015, Defendant Jag Daswatta ("Daswatta") filed a Motion to Dismiss the Third Claim for Relief Asserted in Plaintiff's Complaint Asserted Against Daswatta.  On November 9, 2015, Plaintiff Judy Amper ("Plaintiff") filed her Opposition.  On November 16, 2015, Daswatta filed a Reply.

On November 16, 2015, Plaintiff filed a Motion to Remand.  On November 23, 2015, Defendants Ashley Furniture Industries, Inc., Stoneledge Furniture, LLC, and Jag Daswatta (collectively, "Defendants") filed their Opposition.  On November 30, 2015, Plaintiff filed a Reply.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument.  The hearing calendared for December 21, 2015 is hereby vacated and the matters taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On August 24, 2015, Plaintiff filed a Complaint against her former employer and supervisor in Los Angeles County Superior Court, alleging the following causes of action under California law: (1)

violations of California Labor Code §§ 96(d), 98.6, 232, 232.5, 1102.5(c); (2) wrongful termination in violation of public policy; (3) harassment based on age, national origin/ancestry, medical conditions, actual and perceived mental disabilities, association with members of protected categories; (4) discrimination and retaliation based on age, national origin/ancestry, medical conditions, actual and perceived mental disabilities, association with members of protected categories; (5) failure to accommodate; (6) failure to engage in the interactive process; (7) failure to prevent discrimination and harassment; (8) breach of contract; (9) estoppel; (10) negligent misrepresentation; and (11) assault and battery.

The only claim asserted against Defendant Daswatta, Plaintiff's supervisor, is the third cause of action for harassment. On October 22, 2015, Defendants filed a Notice of Removal of Civil Action to Federal Court ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), arguing that Daswatta, a citizen of California, had been fraudulently joined, and, thus, that his presence in the lawsuit should be ignored. Plaintiff contends that Daswatta has not been fraudulently joined, and moves to remand the action.[1]

## II. LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*).*

## III. DISCUSSION

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. Because Defendants have not met their burden of demonstrating that the parties are completely diverse, this action must be remanded.

Although both Plaintiff and Daswatta are citizens of California, Defendants contend that Daswatta has been fraudulently joined, and, thus, his presence in this action should be ignored. "Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted). If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder

---

[1]Plaintiff also argues that Defendants' Notice of Removal is untimely and that it is procedurally defective. The Court finds it unnecessary to address these alternative grounds for remand.

of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Indeed, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in state defendant. *See Plute*, 141 F. Supp. 2d at 1008. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.* "[A] removing defendant alleging fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. Rather, the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies." *Martinez v. Michaels*, 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015) (quotations and citations omitted).

In this case, Plaintiff alleges that Daswatta, *inter alia*, "created and allowed to exist a hostile work environment and communicated a demeaning message on the basis of age, national origin/ancestry, medical conditions, actual and perceived mental disabilities, and association with members of categories protected under FEHA" by "trying to force Plaintiff to split commissions with her harasser; forcing Plaintiff to work alongside Bell, who harassed and hit her thereby exacerbating her mental conditions; ignoring Plaintiff's complaints of harassment, discrimination and retaliation; ignoring Plaintiff's complaints about workplace violence by Bell . . .; ignoring Plaintiff's complaints about workplace stress and anxiety; conducting an inadequate investigation of Plaintiff's complaints of harassment, discrimination, and retaliation; criticizing Plaintiff for complaining about harassment, discrimination, and retaliation; intimidating Plaintiff by yelling and berating her; disciplining Plaintiff for making protected complaints; falsely accusing Plaintiff of 'inattentive, inefficient, or careless performance of duties'; and terminating Plaintiff's employment." Complaint at ¶¶ 73-74. Plaintiff alleges that she was replaced with a much younger woman in her twenties. Complaint at ¶ 46.

Defendants contend, in relevant part, that Daswatta has been fraudulently joined because: (1) "Plaintiff's Complaint contains only the conclusory allegation that Daswatta harassed her based on her membership in protected groups;" (2) Daswatta's alleged conduct is not sufficiently severe or pervasive; and (3) "Plaintiff's allegations are nothing more than common necessary personnel management [actions], for which Daswatta cannot be held personally liable under FEHA". Although Defendants' arguments might prevail in the context of a motion to dismiss, they do not suffice to support removal on the basis of fraudulent joinder.

As the court stated in *Stanbrough v. Georgia-Pacific Gypsum LLC*, 2009 WL 137036 (C.D.

Cal. Jan. 20, 2009):

> But even if the Court presumes for purposes of discussion that the complaint does not allege sufficient facts to meet this requirement [of pervasive harassment] as to [the supervisor], Defendants have failed to demonstrate fraudulent joinder. As explained above, Defendants must demonstrate that Plaintiffs could not possibly state a claim against [the supervisor] in state court. Even if the allegations in Plaintiffs' complaint are insufficient to withstand a demurrer in state court, an issue as to which the Court offers no opinion, Defendants have not sufficiently established that Plaintiffs could not amend their complaint and add additional allegations to correct any deficiencies. In other words, the complaint's shortcomings, if any, are strictly factual; Plaintiffs clearly may pursue a cause of action for harassment against [the supervisor] under section 12940(j)(3) of the California Government Code if they can allege sufficient facts.

*Id.* at *2. Indeed, unlike a discrimination claim, for which only an employer may be liable, an individual employee may be liable for workplace harassment (in addition to the employer)." *Ramirez v. Speltz*, 2015 WL 5882065, at *3 (N.D. Cal. Oct, 8, 2015). Even if Plaintiff's complaint does not currently allege sufficient facts to plead a viable harassment claim against Daswatta, Defendants have failed to show that Plaintiff will be unable to amend her complaint to add additional allegations of harassment. *See Ontiveros v. Michaels Stores, Inc.*, 2013 WL 815875, at *6 (C.D. Cal. Mar. 5, 2013) (finding no fraudulent joinder based on similar allegations and arguments); *Barsell v. Urban Outfitters*, 2009 WL 1916495, at *3 (C.D. Cal. July 1, 2009) ("District courts have also granted motions to remand where the complaint failed to allege outrageous conduct, because it was possible that plaintiff could cure the deficiency by amendment."); *Suarez v. American Airlines, Inc.*, 2009 WL 1657444, at *4 (C.D. Cal. Jun. 10, 2009) ("American may or may not be correct that plaintiff's current allegations are insufficient to state a claim for harassment under FEHA against Rendon; however American has not show that there is 'absolutely no possibility" that plaintiff can establish a cause of action against Rendon in state court."). "Parties may not expand federal jurisdiction beyond its statutory boundaries by using fraudulent joinder-based removal as a replacement for a state court demurrer." *Lizari v. CVS Pharmacy Inc.*, 2011 WL 223806, at *3 (C.D. Cal. Jan. 20, 2011).

Moreover, while some of Daswatta's alleged conduct arguably may constitute typical personnel management actions, others, such as "intimidating Plaintiff by yelling and berating her" and affirming and condoning harassment by coworkers do not. *See Martinez v. Michaels*, 2015 WL 4337059, at *7 (C.D. Cal. July 15, 2015) (quotations and citations omitted) ("Viewed in context, action by Acuna and Matus to affirm and condone pervasive harassment by coworkers would reach far beyond typical personnel management decisions."). Furthermore, "some official employment actions done in furtherance of a supervisor's managerial role can also have a secondary effect of communicating a hostile message." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 709 (2009), as modified Feb. 10, 2010.

Therefore, the Court concludes that Defendants have not met their heavy burden of demonstrating, under the settled laws of California, that Daswatta has been fraudulently joined. Accordingly, the Court cannot disregard Daswatta's citizenship, and, thus, this Court lacks subject matter jurisdiction over this action.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. However, because Defendants' arguments for seeking removal were not objectively unreasonable, the Court declines Plaintiff's request for an award of attorneys' fees. *See Martinez v. Michaels*, 2015 WL 4337059, at *10-11 (C.D. Cal. July 15, 2015).

This action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). Daswatta's Motion to Dismiss the Third Claim for Relief Asserted in Plaintiff's Complaint Asserted Against Daswatta is **DENIED as moot**.

IT IS SO ORDERED.